NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHANDRESH KUMAR SOLANKI-KHANDUBHAI, | No. 07-74298 |
| Petitioner, | Agency No. A098-117-964 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before: CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Chandresh Kumar Solanki-Khandubhai, a native and citizen of India,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") decision denying his

application for asylum, withholding of removal, and relief under the Convention

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence findings of fact, including adverse credibility determinations. *See Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001). We review for abuse of discretion the denial of a motion for a continuance, and de novo claims of due process violations in immigration proceedings. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1245-46 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistency regarding when Solanki-Khandubhai was attacked by Muslims in his neighborhood; the omission from his testimony of the 2000 riot, during which he was purportedly seriously injured; and his unresponsiveness to questions requesting details of the 2000 incident that prompted his departure from India. *See Chebchoub*, 257 F.3d at 1043; *Singh v. Ashcroft*, 301 F.3d 1109, 1114 (9th Cir. 2002) ("To support an adverse credibility determination based on unresponsiveness, the BIA must identify particular instances in the record where the petitioner refused to answer questions asked of him."). In the absence of credible testimony, Solanki-Khandubhai's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

07-74298

Because Solanki-Khandubhai's CAT claim is based on the same testimony found to be not credible, and Solanki-Khandubhai does not point to any other evidence that shows it is more likely than not he would be tortured if returned to India, his CAT claim fails. *See id*. at 1156-57.

The IJ did not abuse his discretion or violate Solanki-Khandubhai's constitutional right to due process by denying his motion for a continuance to seek new counsel. *See Sandoval-Luna*, 526 F.3d at 1247; *Colmenar v. INS*, 210 F.3d 967, 972 (9th Cir. 2000) (requiring error and prejudice to establish a due process violation).

**PETITION FOR REVIEW DENIED.**

07-74298